UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**THOMPSON, ET AL.**  **CIVIL ACTION**

**VERSUS**  **NO. 24-1802**

**STATE FARM FIRE
AND CASUALTY COMPANY**  **SECTION: "H"**


### ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss for Failure to State a Claim (Doc. 6). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

This case arises from alleged damage to Plaintiffs Arthur and Evelyn Thompson's residence in Ponchatoula, Louisiana that was covered by a homeowner's insurance policy (the "Policy") with Defendant State Farm Fire and Casualty Company. In their Complaint, Plaintiffs assert that a wind and hailstorm that occurred on March 30, 2022, caused widespread damage to the surrounding parish, as well as their property. They claim that while their residence sustained damage from this storm, the extent of the damage was not immediately apparent to them.

Sometime in July 2022, another storm hit the area surrounding Plaintiffs' property. Plaintiffs allege that when they saw leaks during this subsequent storm, they became aware that the integrity of the roof was

compromised from the prior storm and the July storm. Plaintiffs claim that they then provided Defendant with a timely notice of loss and an estimate of damages on or about July 2022. Plaintiffs allege that they presented Defendant with reports from a licensed roofer that indicated there was extensive damage to the roof, which needed to be entirely replaced.

Plaintiffs state generally that they honored the terms of the Policy regarding these claims. Despite this, Plaintiffs assert that Defendant failed to provide payment or any reason why such payment was withheld. As a result, Plaintiffs filed suit against Defendant in the 21st Judicial District Court for the Parish of Tangipahoa on April 12, 2024, claiming violations of Louisiana Revised Statutes 22:1973 and 22:1892, as well as breach of contract. The case was removed to this Court in July 2024. Shortly after, Defendant filed the instant Motion to Dismiss for Failure to State a Claim. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 667.
[5] *Id.*

and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[7]

## LAW AND ANALYSIS

Defendant argues that because Plaintiffs failed to file a timely petition within the term allotted by the Policy their claims are prescribed.[8] According to Defendant, the damage for which Plaintiffs seek payment occurred on March 20, 2022—2 years and 12 days before Plaintiffs filed their Petition. Plaintiffs respond that their Petition is clear that while they suspect the March 2022 hailstorm compromised the roof, the July storm precipitated it becoming damaged beyond repair. As such, Plaintiffs contend that their claims are not prescribed. This Court sitting in diversity applies Louisiana substantive law.[9]

Courts may consider insurance contracts that are not attached to the initial Complaint "where they were attached to motions to dismiss, referred to in the complaint, and central to the plaintiffs' claims."[10] The Policy provides that "[n]o action will be brought against [Defendant] unless there has been full compliance with all of the policy provisions. Any action by any party must be started within two years after the date of loss or damage."[11]

In their Petition, Plaintiffs stated that "they became aware during a subsequent storm in July that the integrity of the roof was compromised from

---

[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.
[8] Doc. 6-1 at 1.
[9] Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 416 (1996) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).
[10] Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par., 456 F. App'x 336, 341 (5th Cir. 2011) (citing In re Katrina Canal Breaches Litig.*,* 495 F.3d at 205).
[11] Doc. 6-3 at 40, ¶6.

the prior storm *and* the July storm."[12] Because of their inclusion of the possibility that at least some of the roof's damage resulted from the July 2022 storm and was not entirely the product of the March 2022 hailstorm, Plaintiffs' Petition contains enough factual allegations. As such, the Plaintiffs' Petition is legally sufficient to survive this instant Motion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED**.

New Orleans, Louisiana, on this 20th day of December, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] Doc. 1-1 at 5, ¶7 (emphasis added).